R. ALEXANDER SAVERI (173102)
   *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
   *grushing@saveri.com*
CADIO ZIRPOLI (179108)
   *cadio@saveri.com*
TRAVIS L. MANFREDI (281779)
   *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

JAMES M. RINGER (*pro hac vice*)
   *jmr@msf-law.com*
BENJAMIN D. BIANCO (*pro hac vice*)
   *bdb@msf-law.com*
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3536

*Counsel for Plaintiff*
*MICROTECHNOLOGIES, LLC*

NEIL A. GOTEINER (083524)
   *ngoteiner@fbm.com*
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:    (415) 954-4400
Facsimile:    (415) 954-4480

*Attorneys for Defendants and Plaintiffs-in-*
*Counterclaim AUTONOMY, INC. and*
*AUTONOMY SYSTEMS LIMITED*

*Pro Hac Vice Counsel:*
Robert S. Frank, Jr. (177240)
   *rfrank@choate.com*
Michael R. Dube (654748)
   *mdube@choate.com*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone:  (617) 248-5000
Facsimile:  (617) 248-4000

*Attorneys for Defendants and Plaintiffs-in-*
*Counterclaim AUTONOMY, INC. and*
*AUTONOMY SYSTEMS LIMITED*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MICROTECHNOLOGIES, LLC,<br><br>           Plaintiff,<br><br>     vs.<br><br>AUTONOMY, INC. (also known as HP AUTONOMY), et al.<br><br>           Defendants. | Case No. 15-cv-2220 RMW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER (CIVIL LOCAL RULE 16-9)**<br><br>Complaint Filed:   May 18, 2015<br>Counterclaims Filed: June 29, 2015 |

Pursuant to Local Rule 16-9 and Federal Rule of Civil Procedure 26(f), a telephonic meet and confer session was held on August 7, 2015, between Benjamin D. Bianco and James M. Ringer of Meister Seelig & Fein LLP, counsel for Plaintiff MicroTechnologies, LLC ("MicroTech"), and Robert S. Frank, Jr. and Michael Dube of Choate, Hall & Stewart LLP, counsel for Defendant Autonomy, Inc. ("Autonomy"), then-Nominal Defendant Hewlett-Packard Company ("HP"), and then-Proposed Intervenor Autonomy Systems Limited ("ASL").[1]  The parties, by and through their undersigned counsel, submit this Joint Case Management Statement pursuant to the Standing Order for all Judges of the Northern District of California dated November 1, 2014, Fed. R. Civ. P. 16(b), Civil L.R. 16-9, and the Court's Order dated May 19, 2015 (Dkt. No. 4) in anticipation of the Case Management Conference scheduled for September 11, 2015 at 9:00 a.m. in Courtroom 6, 4th Floor, 280 South 1st Street, San Jose, California.

## 1.    JURISDICTION AND SERVICE

This Court has jurisdiction over the Complaint (Dkt. No. 1) and Counterclaims by Autonomy and ASL (Dkt. Nos. 11, 13) pursuant to 28 U.S.C. §§ 1332 and 2202, as complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs, and pursuant to Fed. R. Civ. P. 13, because the Counterclaims arise out of the transactions and occurrences that are the subject of the Complaint and closely-related transactions. The parties do not dispute venue or personal jurisdiction.  No parties remain to be served.

## 2.    FACTS

On or about June 30, 2006, MicroTech entered into a Master Reseller Agreement with Autonomy (attached as Exhibit A to the Complaint, Dkt. No. 1) whereby MicroTech became an authorized reseller of Autonomy's proprietary software.  The Complaint alleges that under the Master Reseller Agreement, in practice, Autonomy would agree to sell its software to an end-user and provide the details of that transaction to MicroTech; MicroTech would then issue a purchase order for the same software; and, MicroTech thereafter would pay Autonomy for the software.  The Complaint further asserts that Autonomy would deliver the identified software to the end-user, and the end-user would pay either Autonomy or MicroTech for the software.  MicroTech alleges that it

---

[1] Autonomy, Inc. and ASL are referred to together, where applicable, as the "Autonomy Parties."

would then be entitled, typically, to ten percent of the transaction price in exchange for its participation in the transaction.  As alleged in the Complaint, during the operation of the Master Reseller Agreement, Autonomy and MicroTech completed numerous transactions in the manner set forth above.

Specifically, the Complaint focuses on two transactions: a March 31, 2010 purchase order for software to be relicensed to the Vatican Library as the end-user; and, a June 30, 2011 purchase order for software to be relicensed to HP in its capacity as an end-user of Autonomy software. MicroTech alleges that between March 31, 2010 and July 1, 2011, it paid $9,221,331.71 of the $11.5 million called for under the Vatican Library purchase order and that Autonomy neither concluded a transaction with the Vatican Library, nor repaid that sum to MicroTech.  MicroTech also alleges that it paid, in full, the $7,350,000 purchase order for HP (as end-user) transaction and that Autonomy did not complete a software sale to HP (as end-user) and did not repay MicroTech for the unconsummated transaction.

Autonomy's Counterclaim and Intervenor ASL's Counterclaim allege that these and other reseller transactions were sham transactions designed to permit Autonomy Corporation plc, Autonomy's and ASL's then-ultimate parent corporation, to recognize revenue and profit that was, in fact, non-existent, and to accelerate improperly the recognition of other revenue and profit.  The purported transactions between MicroTech and Autonomy and ASL, and others, fostered the appearance that the Autonomy group of companies was growing rapidly, meeting market expectations, and enjoying an increasing market share.  That appearance, in turn, caused the price of Autonomy Corporation plc's stock to rise and made it an attractive candidate for acquisition by a third party.

The Plaintiffs-in-Counterclaim allege that MicroTech was a knowing participant in the fraudulent activity of Michael Lynch and Sushovan Hussain, and other officers and directors of Autonomy and ASL.  These individuals caused Autonomy and ASL to make payments to MicroTech to induce MicroTech to participate, and reward it for participating in that fraudulent activity.  Those payments were made at the direction of Lynch and Hussain, who thereby breached

their fiduciary duties to Autonomy and ASL.  The Counterclaims allege that MicroTech knowingly aided, abetted, and benefited from those breaches of fiduciary duty.

In an unrelated transaction, HP purchased Autonomy's then-parent corporation, Autonomy Corporation plc, in October 2011.

**3.** **LEGAL ISSUES**

The principal legal issues are anticipated to include, without limitation, the following:

**MicroTech:**

- Whether Autonomy and/or ASL breached its agreements with MicroTech.
- Whether Autonomy and/or ASL wrongfully retained MicroTech's payments for the unconsummated Vatican Library and HP (as end-users) transactions at issue herein.
- Whether Autonomy and/or ASL was unjustly enriched during the course of its business dealings with MicroTech.
- Whether MicroTech had any knowledge of the purportedly fraudulent activity perpetrated by Michael Lynch, Sushovan Hussain, or any other Autonomy or ASL personnel with respect to Autonomy's or ASL's business dealings with MicroTech.
- Whether MicroTech provided substantial assistance to Michael Lynch, Sushovan Hussain, or any other Autonomy or ASL personnel in breaching any fiduciary duty to Autonomy or ASL.
- Whether Autonomy or ASL suffered any damages as a result of any acts by MicroTech.

**The Autonomy Parties:**

- Whether Michael Lynch and Sushovan Hussain breached fiduciary duties owed to Autonomy and/or ASL.
- Whether MicroTech aided and abetted those breaches in the course of its dealings with Autonomy and/or ASL.
- Whether MicroTech was unjustly enriched in the course of its dealings with Autonomy and/or ASL.

### 4.   MOTIONS

This case was filed on May 18, 2015.  On June 29, 2015, Autonomy answered the complaint.  HP's subsequent Motion to Dismiss (Dkt. No. 12) and ASL's Motion to Intervene (Dkt. No. 13) have since been granted by the Court (Dkt. No. 29) pursuant and subject to a stipulation by the Parties (Dkt. No. 25).

### 5.   AMENDMENT OF PLEADINGS

The parties do not at this time anticipate any further motions to dismiss.  Nor do they anticipate at this time adding claims or defenses.  However, the parties reserve the right to make such motions, add claims or defenses, or amend the pleadings at a later time, consistent with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

### 6.   EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in this case.

### 7.   DISCLOSURES

The parties exchanged initial disclosures on August 25, 2015.

### 8.   DISCOVERY

No formal discovery has been exchanged to date.  The parties anticipate serving written discovery demands including document requests, interrogatories, and requests for admission.  The parties also anticipate taking depositions of key witnesses, and further anticipate expert depositions and discovery.  Each party reserves the right to contest whether the discovery sought is appropriate.

#### A.  Rule 26(f)(3)(A)

The parties will exchange initial disclosures on or before August 25, 2015.

#### B.  Rule 26(f)(3)(B)

#### Plaintiff:

MicroTech will seek discovery principally concerning the negotiations of, and payments exchanged for, business transactions between Autonomy (or ASL) and MicroTech, and the underlying negotiations with third parties related to those same business transactions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**The Autonomy Parties:**

The Autonomy Parties will seek discovery principally concerning the negotiation and conduct of purported reseller transactions between Autonomy and MicroTech, including the roles of Michael Lynch, Sushovan Hussain and other officers and directors of Autonomy and ASL in those transactions, MicroTech's understanding of the purposes of those transactions and of related payments by Autonomy and ASL to MicroTech, the means by which MicroTech obtained funds to pay for such transactions, and all written, oral, express and implied agreements between any individual(s) associated with Autonomy and any individual(s) associated with MicroTech regarding such transactions.

### C.  Rule 26(f)(3)(C)

The parties anticipate that discovery in this case will involve the disclosure of electronically stored information.  The parties propose to utilize the production protocols attached hereto as Exhibit A.

### D.  Rule 26(f)(3)(D)

The parties anticipate that discovery in this case will involve the assertion of various privileges.  The parties anticipate the production of privilege logs in a form consistent with Fed. R. Civ. P. 26(b)(5)(a).  Inadvertently produced privileged material will be handled pursuant to Fed. R. Civ. P. 26(b)(5)(B) and the Court's relevant orders, if any, including without limitation the stipulated protective order proposed by the parties, attached hereto as Exhibit B.

### E.  Rule 26(f)(3)(E)

The parties propose that MicroTech and the Autonomy Parties each be entitled to take up to 70 hours of depositions and that MicroTech and the Autonomy Parties each be entitled to interpose up to 25 interrogatories to the opposing side.  No further limitations on discovery are proposed.

### F.  Rule 26(f)(3)(F)

The parties believe a protective order is necessary to ensure the protection of confidential information, pursuant to Fed. R. Civ. P. 26(c).  The parties hereby submit a proposed stipulated protective order, attached hereto as Exhibit B.

9.      **CLASS ACTIONS**

Not applicable to this case.

10.      **RELATED CASES**

The parties state that there are no related cases under Local Rule 3-12.  However, the parties note for the Court's benefit that HP is a party to the following Autonomy-related actions in this Court: *In re Hewlett-Packard Company Shareholder Derivative Litigation*, No. 3:12-cv-06003-CRB (the "Derivative Litigation") and *In re HP Securities Litigation*, Master File No. C-12-5980 CRB (the "Securities Litigation").  HP is the appellee in *Laffen v. Hewlett-Packard Company*, No. 15-16360 (9th Cir.).  This Court has entered a final approval of a settlement in the Derivative Litigation and an appeal has been filed challenging the approval.  The Court has issued a preliminary approval of a settlement in the Shareholder Litigation.  In the underlying *Laffen* case, 3:12-cv-06199-CRB, this Court dismissed Autonomy-related claims brought as a class action under the Employee Retirement Income Security Act of 1974, but plaintiff appealed.  In addition, the Autonomy parties herein (and other claimants) are pursuing an action, in the United Kingdom, against non-parties Michael Lynch and Sushovan Hussain for, among other things, their respective conduct referenced in the Autonomy Parties' Counterclaims herein.  The action is captioned *Autonomy Corporation Limited, et al. v. Michael Lynch, et al.*, Claim No. HC-2015-001324 (High Court of Justice, Chancery Division, London, U.K.). The parties also are aware that the United States Department of Justice and the United States Securities and Exchange Commission are conducting investigations related to Autonomy. The United Kingdom Serious Fraud Office closed an investigation related to Autonomy and ceded jurisdiction to the U.S. authorities.

11.      **RELIEF**

MicroTech seeks a judgment in its favor against defendants and an award of compensatory damages against Autonomy for damages allegedly sustained as a result of Autonomy's actions. Additionally, MicroTech seeks pre-judgment and post-judgment interest, as well as reasonable attorneys' fees, costs, and expenses incurred in prosecuting this case, and any other relief as the Court deems just.

1    The Autonomy Parties deny that they are liable to MicroTech and deny that MicroTech is

2    entitled to any relief.  The Autonomy Parties request dismissal of MicroTech's Complaint with

3    prejudice.  The Autonomy Parties further seek a judgment in their favor against MicroTech on their

4    Counterclaims, an award of damages on their Counterclaims in an amount to be determined by the

5    Court, as well as the costs of the action, including a reasonable attorney's fee.

6    **12.      SETTLEMENT AND ADR**

7         The parties have discussed settlement in good faith, and those discussions are ongoing.  The

8    parties do not believe, at this time, that the introduction of a third-party into their discussions would

9    be helpful.  Subject to other instructions from the Court, the parties will report on the status of

10   those discussions by December 11, 2015.

11   **13.      CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

12        MicroTech filed a Declination to Magistrate Judge Jurisdiction on June 1, 2015 (Dk. No. 6).

13   **14.      OTHER REFERENCES**

14        The parties agree that the case is not suitable for reference to binding arbitration, a special

15   master or the Judicial Panel for Multidistrict Litigation.

16   **15.      NARROWING OF ISSUES**

17        At present, the parties do not see opportunities to narrow the issues.  The parties reserve the

18   right to seek to narrow issues at a later date.

19   **16.      EXPEDITED TRIAL PROCEDURE**

20        The parties agree that this case is not suitable for expedited handling.

21   **17.      SCHEDULING**

22        The parties propose the following schedule:

23        • March 25, 2016: deadline to complete non-expert discovery;

24        • April 25, 2016: deadline to designate trial experts, if any, and produce

25          reports;

26        • May 25, 2016: deadline to designate rebuttal experts, if any, and produce

27          rebuttal reports;

28        • July 25, 2016: hearing deadline for dispositive motions;

1          • September 12, 2016: pre-trial conference;

2          • October 12, 2016: commencement of trial.

3     **18.     TRIAL**

4          The Plaintiff has requested a trial by jury.  The Autonomy Parties do not request a jury trial.

5     The parties believe that the scope of issues to be addressed at trial will best be determined after the

6     close of discovery, at which time the length of trial can best be estimated.  At present, the parties

7     estimate a 10-day trial.

8     **19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

9          The Autonomy Parties filed their "Certification of Interested Entities or Persons" required

10    by Civil Local Rule 3-15 on August 13, 2015 (Dkt. No. 32).

11    **20.     PROFESSIONAL CONDUCT**

12         All attorneys of record for the parties have reviewed the Guidelines for Professional

13    Conduct for the Northern District of California.

14    DATED:  August 25, 2015                    _/s/ Geoffrey C. Rushing_____
                                                  R. Alexander Saveri
15                                                Geoffrey C. Rushing
                                                  Cadio Zirpoli
16                                                Travis L. Manfredi
17                                                **SAVERI & SAVERI, INC.**
                                                  706 Sansome Street
18                                                San Francisco, CA 94111
                                                  Telephone:     (415) 217-6810
19                                                Facsimile:      (415) 217-6813

20                                                James M. Ringer (*pro hac vice*)
21                                                Benjamin D. Bianco (*pro hac vice*)
                                                  **MEISTER SEELIG & FEIN LLP**
22                                                125 Park Avenue, 7th Floor
                                                  New York, NY 10017
23                                                Telephone:     (212) 655-3500
                                                  Facsimile:      (212) 655-3536
24
25                                                *Counsel for Plaintiff*
                                                  *MICROTECHNOLOGIES, LLC*
26

27

28

1  DATED:  August 25, 2015                    */s/ Neil A. Goteiner*

2                                             Neil A. Goteiner
                                              **FARELLA BRAUN + MARTEL LLP**
3                                             235 Montgomery Street, 17th Floor
                                              San Francisco, CA  94104
4                                             Telephone:     (415) 954-4400
                                              Facsimile:      (415) 954-4480
5
6                                             *Attorneys for Defendants and Plaintiffs-in-*
                                              *Counterclaim AUTONOMY, INC. and AUTONOMY*
7                                             *SYSTEMS LIMITED*

8
   DATED:  August 25, 2015                    */s/ Robert S. Frank, Jr.*
9
                                              Robert S. Frank, Jr. *(pro hac vice)*
10                                            Michael R. Dube *(pro hac vice)*
                                              **CHOATE HALL & STEWART LLP**
11                                            Two International Place
                                              Boston, MA 02110
12                                            Telephone:  (617) 248-5000
                                              Facsimile:  (617) 248-4000
13
                                              *Attorneys for Defendants and Plaintiffs-in-*
14                                            *Counterclaim AUTONOMY, INC. and AUTONOMY*
                                              *SYSTEMS LIMITED*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)**

I, Geoffrey C. Rushing, attest that concurrence in the filing of this document has been obtained from all signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 25, 2015, at San Francisco, California.

*/s/ Geoffrey C. Rushing*

**[PROPOSED] CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: _____

_____
Hon. Ronald M. Whyte
United States District Judge

# EXHIBIT A

# EXHIBIT A

## Form of Production[1]

### GENERAL NOTES

1. Production file format to be PDF with embedded text ("searchable PDF"). One file per document. Multipage TIFF (Group IV, 300 dpi) is acceptable if multipage .txt files of OCR/extracted text are included for each electronic original document, named to match the image document and located in the same directory as the image document on the production media.
2. All files, including native, to be named with the beginning Bates number of the document.
3. Image files to be produced with no more than 2,500 files per directory.
4. PowerPoint/presentations—to be imaged with Speaker Notes exposed.
5. Spreadsheets—to be imaged with hidden rows, columns, sheets exposed.
6. Passwords—known passwords for protected documents to be provided in plain text format.
7. Production must include a delimited text file containing, at a minimum, the data fields listed below—if available—for all emails and files, and including a relative path to the document image from the root of the production media. Concordance-style delimiters are preferred.
8. Right is reserved to request certain documents or document classes (e.g., spreadsheets) in native format.
9. Right is reserved to request certain documents or document classes in color.
10. Absent specific objections, parties agree to accept productions in common compressed formats—e.g., .zip or .rar.

| FIELD NAME | DESCRIPTION |
|---|---|
| AttachRange | The Bates range of documents included in an attachment group (parent document and attached documents) or message unit (email and attachments). AttachRange value will be identical for all members of an attachment group or message unit. |
| Doc Author | Value of the Author field from the Properties of the original file |
| BegAttach | The BeginBates value of the parent document in a document family |
| EndAttach | The EndBates value of the last attachment in a document family |
| BeginBates | Bates number of the first page of a document. |
| EndBates | Bates number for the last page of a document. |
| BCC | Members of the BCC list in an email |
| CC | Members of the CC list in an email |

---

[1] This "Form of Production" shall apply only to new productions of previously unproduced information, and shall not apply to relevant productions (or portions of productions) previously made to third-parties, *i.e.,* the DoJ, SEC, etc., and turned over directly to an opposing party in this action. For the avoidance of doubt, no party to this action shall be required to re-produce (previously produced) documents to the opposing party solely for the purpose of complying with this "Form of Production." If, however, the prior relevant production does not contain all necessary information set forth herein, or was produced in a form that unreasonably limits its usefulness in this action, the parties agree to resolve any such production deficiencies in good faith.

| | |
|---|---|
| Custodian | Custodian of the file or archive from which the file was obtained. |
| Date Created | File system Date Created value. |
| Date Last Modified | File system Date Last Modified value. |
| Doc_Subject | Value of the Subject field from the Properties of the original file |
| Email_Subject | The Subject line of an email |
| File Name | File system name of an electronic file as it appeared on disk in its original location. |
| Folder | If the document is from scanned paper, an indication of the container from which the document was obtained. |
| Media Path | The path from a drive root to the folder in which a document was stored—or the path from the root mailbox folder to the email folder in which it was stored. |
| MD5 Hash | Unique digital signature of a file; obtained using the MD5 hashing algorithm |
| Received Date | Date an email was received |
| Received Time | Time an email was received |
| Sender | Sender for an e-mail |
| Sent Date | Date an email was sent |
| Sent Time | Time an email was sent |
| Doc Title | Title of the document, from the Properties field of the original electronic file |
| To | Members of the To list in the email |

# EXHIBIT B

R. ALEXANDER SAVERI (173102)
  *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
  *grushing@saveri.com*
CADIO ZIRPOLI (179108)
  *cadio@saveri.com*
TRAVIS L. MANFREDI (281779)
  *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

JAMES M. RINGER (*pro hac vice*)
  *jmr@msf-law.com*
BENJAMIN D. BIANCO (*pro hac vice*)
  *bdb@msf-law.com*
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3536

*Counsel for Plaintiff*
*MICROTECHNOLOGIES, LLC*

NEIL A. GOTEINER (083524)
  *ngoteiner@fbm.com*
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:    (415) 954-4400
Facsimile:    (415) 954-4480

*Attorneys for Defendants and Plaintiffs-in-*
*Counterclaim AUTONOMY, INC. and*
*AUTONOMY SYSTEMS LIMITED*

*Pro Hac Vice Counsel:*
Robert S. Frank, Jr. (177240)
  *rfrank@choate.com*
Michael R. Dube (654748)
  *mdube@choate.com*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone:  (617) 248-5000
Facsimile:  (617) 248-4000

*Attorneys for Defendants and Plaintiffs-in-*
*Counterclaim AUTONOMY, INC. and*
*AUTONOMY SYSTEMS LIMITED*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MICROTECHNOLOGIES, LLC,<br><br>                Plaintiff,<br><br>        vs.<br><br>AUTONOMY, INC. (also known as HP AUTONOMY), et al.<br><br><br>                Defendant**S**.<br><br>                . | Case No. 15-cv-2220 RMW<br><br>**[PROPOSED] STIPULATED**<br>**PROTECTIVE ORDER** |

This matter being presented to the Court upon joint application by the parties, through their respective counsel, and good cause having been shown:

IT IS HEREBY ORDERED AS FOLLOWS:

### INFORMATION SUBJECT TO THIS ORDER

1.     This Protective Order shall apply to all information, documents, testimony, or other things subject to discovery in this action that contain confidential, proprietary, trade secret, or commercially sensitive information and any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things (collectively, "Discovery Material") – namely, any information, documents, testimony, or other things designated "CONFIDENTIAL" under this Protective Order.

2.     As used herein, the term "Producing Party" shall refer to any party, including the parties to this action, and non-parties, who disclose and/or produce any Discovery Material in this action.  The term "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.

3.     Any party or non-party from whom discovery is sought in this action, and who is producing or disclosing Discovery Material, may designate it as set forth herein as CONFIDENTIAL, subject to this Protective Order if it comprises, includes or reflects confidential or personal information, including but not limited to, information that was communicated (a) between an attorney and a client; or (b) between a beneficiary and a trustee or other fiduciary.

4.     In the absence of written permission from the Producing Party, and subject to paragraph 27 below, Discovery Material designated as CONFIDENTIAL shall be protected from disclosure as specified herein, unless (i) the Producing Party states otherwise in writing, or (ii) a

party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation.

5.      The Producing Party may designate documents or other tangible Discovery Material by placing the following legend on the document or thing: "CONFIDENTIAL."  Notwithstanding anything to the contrary in this Protective Order, when the Producing Party is a non-party, any party to this action may designate (as appropriate under the provisions of this Protective Order) any and all Discovery Material produced by the non-party by sending a letter to all parties and the producing non-party notifying them of the party's designations.

(a)      Written discovery may be designated by placing a legend on every page of the written material prior to production stating: "CONFIDENTIAL."

(b)      Parties or testifying persons may designate depositions and other testimony as CONFIDENTIAL by so indicating on the record at the time the testimony is given or by sending written notice that the testimony is so designated within thirty (30) days of receipt of the final hard copy transcript of the testimony.  All information disclosed during a deposition shall be deemed CONFIDENTIAL until the time within which it may be designated as CONFIDENTIAL has passed.

6.      Subject to paragraph 27 below, Discovery Material designated as CONFIDENTIAL may be disclosed only to the following:

(a)      Counsel of record and supporting personnel employed by counsel of record, such as attorneys, paralegals, clerks, secretaries, and clerical personnel;

(b)      Officers, directors, employees or in-house counsel or paralegals of a party or of Hewlett-Packard Company;

(c)      The Court, its personnel and stenographic reporters;

(d)     (i) Court reporters and videographers retained to record and transcribe testimony given in connection with this action, provided they agree to maintain the confidentiality of any protected information; (ii) copying, scanning, technical support and electronic document processing services or vendors retained by counsel in connection with this action, provided they agree to maintain the confidentiality of any protected information; (iii) graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or otherwise in connection with this action, provided they agree to maintain the confidentiality of any protected information; and (iv) non-technical jury or trial consulting services retained by counsel in connection with this action, and mock jurors, provided they agree to maintain the confidentiality of any protected information;

(e)     Experts or consultants of the parties (and their secretarial and clerical personnel) retained to assist counsel in this case who have signed the form attached hereto as Exhibit A;

(f)     Persons retained to provide alternative dispute resolution services;

(g)     The author(s) or recipient(s) of a document;

(h)     Actual fact witnesses whom counsel for the Receiving Party believes in good faith are likely to have knowledge pertaining to the content of the Discovery Material to be disclosed; and

(i)     Any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

**LIMITATIONS ON THE USE OF PROTECTED DISCOVERY MATERIAL**

7.     All persons receiving CONFIDENTIAL Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order.  Each individual who receives any CONFIDENTIAL Discovery Material hereby agrees to be subject to the jurisdiction

of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

8.      Counsel who makes CONFIDENTIAL Discovery Material available to persons set forth in Paragraphs 6 above, shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order.  All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed herein on original materials.  Any person having access to such Discovery Material whose participation in this litigation has been terminated or otherwise concluded shall destroy all such Discovery Material or return it to the Receiving Party's counsel of record, as soon as practicably possible thereafter, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

9.      Before disclosure of any Discovery Material designated CONFIDENTIAL to a person described in Paragraphs 6(e) or 6(h) above of this Protective Order, counsel for the Receiving Party shall take the following steps:

(j)            Provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as Exhibit A; and

(k)            Each Party's counsel shall retain each such executed Exhibit A and shall keep a list identifying (i) all persons to whom Discovery Materials have been disclosed, and (ii) all Discovery Materials disclosed to such persons.  Each such executed Exhibit A shall not be made available to the designating party during the pendency of the litigation but shall only be available for an in camera inspection by the Court if good cause for review is demonstrated by the Producing Party.  However, each such executed Exhibit A and list shall be submitted to counsel for the Producing Party, if counsel for the Producing Party so requests, at the termination of this litigation.

10.     To the extent that any CONFIDENTIAL Discovery Material is used in any deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.

11.     The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces CONFIDENTIAL Discovery Material in this lawsuit under this Protective Order.  A party that seeks CONFIDENTIAL Discovery Material from a third party shall provide a copy of this Protective Order to the third party upon request so that it may take advantage of the protections afforded by this Protective Order.

12.     The recipients of CONFIDENTIAL Discovery Material provided under this Protective Order, and all material that derives therefrom shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such materials.  Any CONFIDENTIAL Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

13.     CONFIDENTIAL Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation, pursuant to the provisions of this Protective Order and the procedures and restrictions set forth in any applicable local rule for filing materials under seal.

14.     None of the provisions of this Protective Order shall apply to Discovery Material, regardless of its designation, that falls into any of the following categories of information, documents, and/or things:

(a)     available to the public at the time of its production hereunder;

[PROPOSED] STIPULATED PROTECTIVE ORDER; Case No. 15-cv-2220 RMW

(b)    available to the public after the time of its production through no unauthorized act, failure to act, or violation of this Order by the Receiving Party, its counsel, representatives or experts;

(c)    known to the Receiving Party or shown to have been independently developed by the Receiving Party prior to its production herein through no improper means or without use or benefit of the information;

(d)    obtained outside of this action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)    obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

(f)    previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

15.    Upon giving written notice, any Receiving Party may apply to remove the restrictions set forth herein on Discovery Material designated CONFIDENTIAL based upon a showing that such Discovery Material falls into one of the categories specified in Paragraph 14 above.

## NO WAIVER OF PRIVILEGE

16.    Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery (hereinafter "Inadvertently Produced Documents") shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing within 30 days of discovery of the inadvertent production.  If such notification is made, such Inadvertently Produced

Documents and all copies thereof shall, upon request, be returned to the Producing Party, all notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.

17.     No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.

18.     The party receiving such Inadvertently Produced Documents may, after receipt of the Producing Party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefore the fact or circumstances of the inadvertent production.

**CHALLENGE TO CONFIDENTIALITY DESIGNATION**

19.     The burden of proof is on the Producing Party to demonstrate that Discovery Material is properly protected as CONFIDENTIAL.  Prior to designating any material as CONFIDENTIAL the designating party must make a bona fide determination that the material is, in fact, confidential as provided in Paragraph 3 above.

20.     If a Receiving Party disagrees with the CONFIDENTIAL designation of any Discovery Material, the Receiving Party will so notify the designating party in writing.  Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction.  If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the parties shall attempt to further resolve any such dispute pursuant to the procedure set forth in Local Rule 37.1 before filing any motion with the Court.  If such efforts are unsuccessful, the Receiving Party may move the Court to alter or remove the confidentiality designation or redaction.  Any opposition to such a motion shall be filed within

fourteen (14) business days of the service of such motion pursuant to Local Rule 7.1. In the event that such a motion is made in a timely manner, the document or information whose designation or redaction is objected to shall continue to be treated as CONFIDENTIAL, as applicable, until the motion has been decided by the Court. In the event that such a motion is granted, the Producing Party shall cause the confidentiality legend or redaction to be altered or removed from such documents within ten (10) business days following entry of the Court's order, unless the Producing Party has sought reconsideration or appeal.

## MISCELLANEOUS PROVISIONS

21.     The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is CONFIDENTIAL within fifteen (15) days from when the failure to designate first becomes known to the Producing Party. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material pursuant to the terms of this Protective Order. If, before the Producing Party notifies a Receiving Party of such designation of already-produced Discovery Material, the Receiving Party discloses such Discovery Material in a manner or to any person or entity, inconsistent with the subsequent designation, that Receiving Party shall notify the Producing Party within ten (10) days of receiving such notice.

22.     In the event of a disclosure of any Discovery Material designated pursuant to this Protective Order as CONFIDENTIAL to a person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure ("Disclosing Party"), and each party with knowledge thereof, shall immediately notify counsel for

the party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof are made.

23.     Not later than ninety (90) days after the final disposition of this litigation, (including after appeals, if any), each party shall return all CONFIDENTIAL Discovery Material of a Producing Party to the respective outside counsel of the Producing Party, or in the alternative, destroy such Discovery Material.  All parties that have received any such Discovery Material shall certify in writing that all such CONFIDENTIAL Discovery Material has been returned or destroyed.  Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings, expert reports, depositions, deposition exhibits, trial exhibits, motions and attachments to motions, and attorney and consultant work product for archival purposes.  Nothing in this paragraph shall require any party to search for and destroy any electronic mail that contains or reflects CONFIDENTIAL information, including as attachments, provided that the party has taken precautions to protect the confidentiality and security of its electronic mail system.

24.     If Discovery Material sought by a Receiving Party is subject to a confidentiality obligation of the Producing Party to a third party, and such obligation is not satisfied by the terms of this Protective Order, the Producing Party shall promptly: (i) alert the Receiving Party of this fact; (ii) produce a copy or copies of the relevant portion of the written agreement, order or other document in which the confidentiality obligation is set forth; and (iii) request permission from such third party to produce the requested Discovery Material and provide a copy of this Protective Order to the third party.  If the third party does not consent to production of the requested Discovery

Material and/or if the parties are unable to resolve a dispute related to documents withheld under this paragraph, the Receiving Party may make a motion to the Court for an order compelling production of the requested Discovery Material.  A Producing Party is not required to produce such Discovery Material unless and until the third party provides consent or the Court issues an order compelling production of the requested Discovery Material.  The payment of expenses incurred in connection with any such motion to compel shall be governed by Fed. R. Civ. P. 37(a)(5).

25.     This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way.  Nothing in this Protective Order shall be deemed to bar any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

26.     If, at any time, Discovery Material becomes subject to a subpoena by any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials.  If a Producing Party does not move for a protective order within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto.

27.     Nothing in this Protective Order shall preclude any party to this lawsuit or any attorneys for any party to this lawsuit from (a) showing Discovery Material designated as CONFIDENTIAL to any individual who either prepared the Discovery Material or reviewed it prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, its own Discovery Material, whether or not designated as CONFIDENTIAL.  Notwithstanding any designation of Discovery Material by a Producing Party under this Order, any witness may be

shown at a deposition and examined on any Discovery Material produced by the witness or the witness' current or former employer or that the witness authored or previously received.

28.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.  The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

29.     This Protective Order shall be binding upon the parties hereto, their attorneys, and their successors, assigns, subsidiaries, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control or which control them.

30.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged, otherwise non-discoverable, or not admissible in evidence in this action or any other proceeding.

31.     Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable to disputes regarding whether particular Discovery Material is confidential, and whether disclosure should be restricted, and if so, what restrictions should apply.

IT IS SO ORDERED.


DATED:  _____


_____
Hon. Ronald M. Whyte
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MICROTECHNOLOGIES, LLC,, | Case No. 15-cv-2220 RMW |
| Plaintiff, | |
| vs. | **ACKNOWLEDGEMENT** |
| AUTONOMY, INC. (also known as HP AUTONOMY), et al. | |
| Defendants. | |

I, _____, declare as follows:

1.      I understand that Materials deemed confidential and/or proprietary will be provided to me pursuant to the terms and restrictions of the foregoing Protective Order, dated by the Court on _____, 201__ in the case captioned Microtechnologies, LLC v. Autonomy, Inc., et al., (hereinafter, the "Action").

2.      I have read the Protective Order, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the Materials disclosed to me in connection with the Action except in accordance with the terms of the Protective Order.  I consent to personal jurisdiction over me by the Court for purposes of enforcing the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____ 201__.

Signature: _____

Printed name: _____

Address: _____

_____