R. ALEXANDER SAVERI (173102)
  *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
  *grushing@saveri.com*
CADIO ZIRPOLI (179108)
  *cadio@saveri.com*
TRAVIS L. MANFREDI (281779)
  *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

JAMES M. RINGER (*pro hac vice*)
  *jmr@msf-law.com*
BENJAMIN D. BIANCO (*pro hac vice*)
  *bdb@msf-law.com*
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3536

*Counsel for Plaintiff*
*MICROTECHNOLOGIES, LLC*

NEIL A. GOTEINER (083524)
  *ngoteiner@fbm.com*
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:    (415) 954-4400
Facsimile:     (415) 954-4480

*Attorneys for Defendants and Plaintiffs-in-Counterclaim AUTONOMY, INC. and AUTONOMY SYSTEMS LIMITED*

*Pro Hac Vice Counsel:*
Robert S. Frank, Jr. (177240)
  *rfrank@choate.com*
Michael R. Dube (654748)
  *mdube@choate.com*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone:  (617) 248-5000
Facsimile:  (617) 248-4000

*Attorneys for Defendants and Plaintiffs-in-Counterclaim AUTONOMY, INC. and AUTONOMY SYSTEMS LIMITED*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MICROTECHNOLOGIES, LLC,<br><br>                Plaintiff,<br><br>      vs.<br><br>AUTONOMY, INC. (also known as HP AUTONOMY), et al.<br><br>                DefendantS.<br>                 . | Case No. 15-cv-2220 RMW<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

This matter being presented to the Court upon joint application by the parties, through their respective counsel, and good cause having been shown:

IT IS HEREBY ORDERED AS FOLLOWS:

## INFORMATION SUBJECT TO THIS ORDER

1. This Protective Order shall apply to all information, documents, testimony, or other things subject to discovery in this action that contain confidential, proprietary, trade secret, or commercially sensitive information and any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things (collectively, "Discovery Material") – namely, any information, documents, testimony, or other things designated "CONFIDENTIAL" under this Protective Order.

2. As used herein, the term "Producing Party" shall refer to any party, including the parties to this action, and non-parties, who disclose and/or produce any Discovery Material in this action. The term "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.

3. Any party or non-party from whom discovery is sought in this action, and who is producing or disclosing Discovery Material, may designate it as set forth herein as CONFIDENTIAL, subject to this Protective Order if it comprises, includes or reflects confidential or personal information, including but not limited to, information that was communicated (a) between an attorney and a client; or (b) between a beneficiary and a trustee or other fiduciary.

4. In the absence of written permission from the Producing Party, and subject to paragraph 27 below, Discovery Material designated as CONFIDENTIAL shall be protected from disclosure as specified herein, unless (i) the Producing Party states otherwise in writing, or (ii) a

party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation.

5. The Producing Party may designate documents or other tangible Discovery Material by placing the following legend on the document or thing: "CONFIDENTIAL."  Notwithstanding anything to the contrary in this Protective Order, when the Producing Party is a non-party, any party to this action may designate (as appropriate under the provisions of this Protective Order) any and all Discovery Material produced by the non-party by sending a letter to all parties and the producing non-party notifying them of the party's designations.

(a) Written discovery may be designated by placing a legend on every page of the written material prior to production stating: "CONFIDENTIAL."

(b) Parties or testifying persons may designate depositions and other testimony as CONFIDENTIAL by so indicating on the record at the time the testimony is given or by sending written notice that the testimony is so designated within thirty (30) days of receipt of the final hard copy transcript of the testimony.  All information disclosed during a deposition shall be deemed CONFIDENTIAL until the time within which it may be designated as CONFIDENTIAL has passed.

6. Subject to paragraph 27 below, Discovery Material designated as CONFIDENTIAL may be disclosed only to the following:

(a) Counsel of record and supporting personnel employed by counsel of record, such as attorneys, paralegals, clerks, secretaries, and clerical personnel;

(b) Officers, directors, employees or in-house counsel or paralegals of a party or of Hewlett-Packard Company;

(c) The Court, its personnel and stenographic reporters;

(d) (i) Court reporters and videographers retained to record and transcribe testimony given in connection with this action, provided they agree to maintain the confidentiality of any protected information; (ii) copying, scanning, technical support and electronic document processing services or vendors retained by counsel in connection with this action, provided they agree to maintain the confidentiality of any protected information; (iii) graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or otherwise in connection with this action, provided they agree to maintain the confidentiality of any protected information; and (iv) non-technical jury or trial consulting services retained by counsel in connection with this action, and mock jurors, provided they agree to maintain the confidentiality of any protected information;

(e) Experts or consultants of the parties (and their secretarial and clerical personnel) retained to assist counsel in this case who have signed the form attached hereto as Exhibit A;

(f) Persons retained to provide alternative dispute resolution services;

(g) The author(s) or recipient(s) of a document;

(h) Actual fact witnesses whom counsel for the Receiving Party believes in good faith are likely to have knowledge pertaining to the content of the Discovery Material to be disclosed; and

(i) Any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

**LIMITATIONS ON THE USE OF PROTECTED DISCOVERY MATERIAL**

7. All persons receiving CONFIDENTIAL Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order. Each individual who receives any CONFIDENTIAL Discovery Material hereby agrees to be subject to the jurisdiction

of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

8. Counsel who makes CONFIDENTIAL Discovery Material available to persons set forth in Paragraphs 6 above, shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order. All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed herein on original materials. Any person having access to such Discovery Material whose participation in this litigation has been terminated or otherwise concluded shall destroy all such Discovery Material or return it to the Receiving Party's counsel of record, as soon as practicably possible thereafter, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

9. Before disclosure of any Discovery Material designated CONFIDENTIAL to a person described in Paragraphs 6(e) or 6(h) above of this Protective Order, counsel for the Receiving Party shall take the following steps:

(j) Provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as Exhibit A; and

(k) Each Party's counsel shall retain each such executed Exhibit A and shall keep a list identifying (i) all persons to whom Discovery Materials have been disclosed, and (ii) all Discovery Materials disclosed to such persons. Each such executed Exhibit A shall not be made available to the designating party during the pendency of the litigation but shall only be available for an in camera inspection by the Court if good cause for review is demonstrated by the Producing Party. However, each such executed Exhibit A and list shall be submitted to counsel for the Producing Party, if counsel for the Producing Party so requests, at the termination of this litigation.

10. To the extent that any CONFIDENTIAL Discovery Material is used in any deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.

11. The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces CONFIDENTIAL Discovery Material in this lawsuit under this Protective Order. A party that seeks CONFIDENTIAL Discovery Material from a third party shall provide a copy of this Protective Order to the third party upon request so that it may take advantage of the protections afforded by this Protective Order.

12. The recipients of CONFIDENTIAL Discovery Material provided under this Protective Order, and all material that derives therefrom shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such materials. Any CONFIDENTIAL Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

13. CONFIDENTIAL Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation, pursuant to the provisions of this Protective Order and the procedures and restrictions set forth in any applicable local rule for filing materials under seal.

14. None of the provisions of this Protective Order shall apply to Discovery Material, regardless of its designation, that falls into any of the following categories of information, documents, and/or things:

   (a) available to the public at the time of its production hereunder;

      (b)    available to the public after the time of its production through no unauthorized act, failure to act, or violation of this Order by the Receiving Party, its counsel, representatives or experts;

      (c)    known to the Receiving Party or shown to have been independently developed by the Receiving Party prior to its production herein through no improper means or without use or benefit of the information;

      (d)    obtained outside of this action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

      (e)    obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

      (f)    previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

15.    Upon giving written notice, any Receiving Party may apply to remove the restrictions set forth herein on Discovery Material designated CONFIDENTIAL based upon a showing that such Discovery Material falls into one of the categories specified in Paragraph 14 above.

## NO WAIVER OF PRIVILEGE

16.    Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery (hereinafter "Inadvertently Produced Documents") shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing within 30 days of discovery of the inadvertent production. If such notification is made, such Inadvertently Produced

Documents and all copies thereof shall, upon request, be returned to the Producing Party, all notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.

17. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.

18. The party receiving such Inadvertently Produced Documents may, after receipt of the Producing Party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefore the fact or circumstances of the inadvertent production.

## CHALLENGE TO CONFIDENTIALITY DESIGNATION

19. The burden of proof is on the Producing Party to demonstrate that Discovery Material is properly protected as CONFIDENTIAL. Prior to designating any material as CONFIDENTIAL the designating party must make a bona fide determination that the material is, in fact, confidential as provided in Paragraph 3 above.

20. If a Receiving Party disagrees with the CONFIDENTIAL designation of any Discovery Material, the Receiving Party will so notify the designating party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the parties shall attempt to further resolve any such dispute pursuant to the procedure set forth in Local Rule 37.1 before filing any motion with the Court. If such efforts are unsuccessful, the Receiving Party may move the Court to alter or remove the confidentiality designation or redaction. Any opposition to such a motion shall be filed within

fourteen (14) business days of the service of such motion pursuant to Local Rule 7.1.  In the event that such a motion is made in a timely manner, the document or information whose designation or redaction is objected to shall continue to be treated as CONFIDENTIAL, as applicable, until the motion has been decided by the Court.  In the event that such a motion is granted, the Producing Party shall cause the confidentiality legend or redaction to be altered or removed from such documents within ten (10) business days following entry of the Court's order, unless the Producing Party has sought reconsideration or appeal.

## MISCELLANEOUS PROVISIONS

21.     The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is CONFIDENTIAL within fifteen (15) days from when the failure to designate first becomes known to the Producing Party.  A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material pursuant to the terms of this Protective Order.  If, before the Producing Party notifies a Receiving Party of such designation of already-produced Discovery Material, the Receiving Party discloses such Discovery Material in a manner or to any person or entity, inconsistent with the subsequent designation, that Receiving Party shall notify the Producing Party within ten (10) days of receiving such notice.

22.     In the event of a disclosure of any Discovery Material designated pursuant to this Protective Order as CONFIDENTIAL to a person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure ("Disclosing Party"), and each party with knowledge thereof, shall immediately notify counsel for

the party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof are made.

23. Not later than ninety (90) days after the final disposition of this litigation, (including after appeals, if any), each party shall return all CONFIDENTIAL Discovery Material of a Producing Party to the respective outside counsel of the Producing Party, or in the alternative, destroy such Discovery Material.  All parties that have received any such Discovery Material shall certify in writing that all such CONFIDENTIAL Discovery Material has been returned or destroyed.  Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings, expert reports, depositions, deposition exhibits, trial exhibits, motions and attachments to motions, and attorney and consultant work product for archival purposes.  Nothing in this paragraph shall require any party to search for and destroy any electronic mail that contains or reflects CONFIDENTIAL information, including as attachments, provided that the party has taken precautions to protect the confidentiality and security of its electronic mail system.

24. If Discovery Material sought by a Receiving Party is subject to a confidentiality obligation of the Producing Party to a third party, and such obligation is not satisfied by the terms of this Protective Order, the Producing Party shall promptly: (i) alert the Receiving Party of this fact; (ii) produce a copy or copies of the relevant portion of the written agreement, order or other document in which the confidentiality obligation is set forth; and (iii) request permission from such third party to produce the requested Discovery Material and provide a copy of this Protective Order to the third party.  If the third party does not consent to production of the requested Discovery

Material and/or if the parties are unable to resolve a dispute related to documents withheld under this paragraph, the Receiving Party may make a motion to the Court for an order compelling production of the requested Discovery Material. A Producing Party is not required to produce such Discovery Material unless and until the third party provides consent or the Court issues an order compelling production of the requested Discovery Material. The payment of expenses incurred in connection with any such motion to compel shall be governed by Fed. R. Civ. P. 37(a)(5).

25.   This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way. Nothing in this Protective Order shall be deemed to bar any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

26.   If, at any time, Discovery Material becomes subject to a subpoena by any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto.

27.   Nothing in this Protective Order shall preclude any party to this lawsuit or any attorneys for any party to this lawsuit from (a) showing Discovery Material designated as CONFIDENTIAL to any individual who either prepared the Discovery Material or reviewed it prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, its own Discovery Material, whether or not designated as CONFIDENTIAL. Notwithstanding any designation of Discovery Material by a Producing Party under this Order, any witness may be

shown at a deposition and examined on any Discovery Material produced by the witness or the witness' current or former employer or that the witness authored or previously received.

28. The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

29. This Protective Order shall be binding upon the parties hereto, their attorneys, and their successors, assigns, subsidiaries, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control or which control them.

30. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged, otherwise non-discoverable, or not admissible in evidence in this action or any other proceeding.

31. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable to disputes regarding whether particular Discovery Material is confidential, and whether disclosure should be restricted, and if so, what restrictions should apply.

IT IS SO ORDERED.

DATED: __9/11/2015__

_____
Hon. Ronald M. Whyte
United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MICROTECHNOLOGIES, LLC,, <br><br> Plaintiff, <br><br> vs. <br><br> AUTONOMY, INC. (also known as HP AUTONOMY), et al. <br><br> Defendants. | Case No. 15-cv-2220 RMW <br><br><br> **ACKNOWLEDGEMENT** |

I, _____, declare as follows:

1. I understand that Materials deemed confidential and/or proprietary will be provided to me pursuant to the terms and restrictions of the foregoing Protective Order, dated by the Court on _____, 201\_\_ in the case captioned <u>Microtechnologies, LLC v. Autonomy, Inc., et al.</u>, (hereinafter, the "Action").

2. I have read the Protective Order, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the Materials disclosed to me in connection with the Action except in accordance with the terms of the Protective Order. I consent to personal jurisdiction over me by the Court for purposes of enforcing the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___ day of _____ 201__.

                Signature:_____

                Printed name:_____

                Address:     _____

                                _____