E-Filed 3/14/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROTECHNOLOGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AUTONOMY, INC. (a/k/a/ HP AUTONOMY),<br><br>　　　　　Defendants,<br><br>and<br><br>HEWLETT-PACKARD COMPANY,<br><br>　　　　　Nominal Defendant. | Case No. 15-cv-02220-RMW   (HRL)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT 1**<br><br>Re: Dkt. No. 38, 49 |

　　　　MicroTechnologies, LLC ("MicroTech") sues Autonomy, Inc. ("Autonomy") and its indirect parent corporation, Hewlett-Packard Company ("HP"), for breach of contract and unjust enrichment. MicroTech alleges that it purchased two software applications from Autonomy in order to re-sell the software to prearranged end-users, but that Autonomy never delivered the purchased software to MicroTech. Autonomy counterclaims for aiding and abetting a breach of fiduciary duty and for unjust enrichment; MicroTech allegedly participated with former Autonomy executives in "at least nine" fraudulent business deals that artificially inflated Autonomy's on-paper profitability, including the two deals that gave rise to MicroTech's claims. HP and Autonomy have separately sued two former Autonomy executives in London's High Court for approximately five billion dollars; there, HP and Autonomy argue the defendants used fraudulent deals with MicroTech and several other companies to artificially inflate Autonomy's revenues.

　　　　Autonomy seeks to depose Sushovan Hussain ("Hussain"), one of the former Autonomy executives HP and Autonomy have sued in London. Autonomy therefore asks this court to send

London's High Court a letter rogatory pursuant to the Hague Evidence Convention—a letter that asks the High Court to take deposition testimony from Hussain and to send that testimony to this court for use in this case. Hussain and Autonomy filed Discovery Dispute Joint Report ("DDJR") 1 to dispute whether the court should issue a letter. MicroTech takes "no position" in DDJR 1, but requests "an equal opportunity to . . . obtain information" from Hussain if the court grants Autonomy's request. Dkt. No. 49 at 11.

The court has read Hussain and Autonomy's arguments in DDJR 1. The court has also conducted its own research. The court shall issue a letter rogatory to London's High Court.

## Discussion

This court has inherent authority to issue a letter rogatory. *S.E.C. v. Leslie*, 07-cv-3444-JF-PVT, 2009 WL 688836 at *2 (N.D. Cal. Mar. 16, 2009). Courts in the United States may "directly" send a "letter rogatory" to a "foreign . . . tribunal" and may directly receive the foreign tribunal's response. 28 U.S.C. § 1781(b)(2). "A deposition may be taken in a foreign country" pursuant to, inter alia, an applicable treaty or a letter rogatory. Fed. R. Civ. P. 28(b)(1). A party that opposes an application for a letter rogatory must show good cause for the court to deny the application. *See*, *e.g.*, *Leslie*, *supra* at *3. The discovery limits set by Federal Rule of Civil Procedure ("FRCP") 26(b) apply to letters rogatory. *E.g.*, *Barnes & Noble, Inc. v. LSI Corp.*, 11-cv-02709-EMC-LB, 2013 WL 812331 at *2 (N.D. Cal. Mar. 5, 2013).

Hussain argues: (1) the proposed deposition would cause "significant oppression and undue burden and expense" in violation of "Rule 26's proportionality requirement[]" and therefore the court should issue a protective order, Dkt. No. 49 at 4; (2) under FRCP 26(b)(2)(C) the court "must" deny the letter-rogatory application because MicroTech is a "more convenient, less burdensome, or less expensive" source for the information Autonomy seeks; (3) most of the information Autonomy seeks relates to the case against Hussain in London, not to the claims against Autonomy here, and therefore the letter-rogatory application is a "transparent" and "brazen" attempt to evade English discovery limits in the case against Hussain, Dkt. No. 49 at 6-7; and (4) Autonomy's requested "investigatory" pre-trial deposition is a "procedurally improper . . . form of discovery not permitted in England or through the Hague Convention," Dkt. No. 49 at 5-6.

2

1    Autonomy responds: (1) Hussain may not withhold relevant testimony simply because Hussain
2    has "embroiled himself in other serious proceedings" with his own conduct and, in any event,
3    Hussain may invoke his Fifth Amendment right against self-incrimination to the extent that
4    truthful answers might implicate him in criminal conduct, Dkt. No. 49 at 8; (2) Autonomy seeks
5    only deposition testimony relevant to this case in California and there is no basis for the argument
6    that Autonomy is attempting to improperly conduct broader discovery to support its case against
7    Hussain, Dkt. No. 49 at 8; (3) it may be appropriate to quash document subpoenas directed to a
8    non-party when a party is also able to produce the subpoenaed documents, but that argument "has
9    no force in the context of a request for testimony," Dkt. No. 49 at 8; and (4) the desired deposition
10   would not be procedurally improper because under the Hague Convention the proposed deposition
11   topics are sufficiently specific and the English courts have leeway to depart from their ordinary
12   procedural rules.

13   The court rejects the argument that the deposition would cause "significant oppression" or
14   an "undue burden and expense" that is not proportional to the needs of this case. Dkt. No. 49 at 4.
15   Hussain incorrectly conflates the question of proportionality with the question of oppression;
16   proportionality depends on "the importance of the issues at stake in the [case], the amount in
17   controversy, the parties' relative access to the relevant information, the parties' resources, the
18   importance of the discovery in resolving the issues, and whether the burden or expense or the
19   proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Oppression is a
20   separate consideration that "may" justify the issuance of a protective order. Fed. R. Civ. P.
21   26(c)(1). Each proportionality factor supports the conclusion that the deposition of Hussain would
22   be proportional to the needs of this case: (1) Autonomy raises serious counterclaims against
23   MicroTech—aiding and abetting Hussain's breach of fiduciary duty to Autonomy and unjust
24   enrichment; (2) the counterclaims put several million dollars in controversy; (3) Hussain is likely
25   to have the best access to probative information that establishes whether Hussain actually
26   breached a fiduciary duty to Autonomy; (4) each party is willing to spend the money necessary to
27   depose Hussain in England, and Hussain does not assert that the expense of preparing for and
28   sitting through the deposition would be significant relative to his personal wealth; (5) Hussain's

1  testimony is important to the accurate resolution of Autonomy's counterclaims; and (6) the likely
2  benefit of Hussain's testimony outweighs the burden and expense of the proposed deposition.

3        The court turns to the separate question of whether the oppressiveness of the proposed
4  deposition might nevertheless justify the issuance of a protective order. Fed. R. Civ. P. 26(c)(1).
5  Hussain provides no case law to support the proposition that a deposition is unduly oppressive
6  when it relates to a separate civil case against the deponent. An inquiry into oppression depends,
7  instead, on whether a party seeks "marginally" useful information in order to inflict a "hardship"
8  on the person who possesses the information. *See Priest v. Rotary*, 98 F.R.D. 755, 761-62 (N.D.
9  Cal. 1983) (ruling that it would "annoy, harass, and oppress" a plaintiff to produce information
10 about her romantic history because that information would not be useful in the resolution of the
11 case and the information might be used to harass, intimidate, and discourage the plaintiff). The
12 court is not persuaded that Autonomy is seeking marginally useful evidence in order to inflict an
13 unlawful "hardship" on Hussain. Rather, as discussed, the information before the court tends to
14 show that Autonomy seeks highly probative evidence of counterclaims against MicroTech that
15 partly depend on whether Hussain breached his fiduciary duty to Autonomy.

16       Hussain also portrays the proposed deposition as unduly oppressive and burdensome due
17 to the risk that his testimony might eventually support criminal charges against him. Specifically,
18 Hussain asserts several government entities "on both sides of the Atlantic" have been investigating
19 him "at HP's bidding" and that his deposition testimony "could be used against him in . . . any
20 potential criminal proceedings[.]" Dkt. No. 49 at 4. To whatever extent the authorities in America
21 or England might see fit to investigate Hussain, and to whatever extent those authorities might see
22 fit to criminally prosecute Hussain, the Hague Evidence Convention safeguards Hussain's
23 applicable rights during a letter-rogatory deposition. Article 11 of the Hague Evidence
24 Convention permits a deponent to withhold testimony based on his applicable "privileges" that
25 exist "under the law of the State" where the deposition takes place. Article 11 also permits a
26 deponent to invoke "privileges" that exist "under the law of the State" that issued the letter
27 rogatory if the letter specifies those privileges. The "privileges" a person may invoke under
28 Article 11 include the Fifth Amendment right against self-incrimination. *In re Letters Rogatory*

United States District Court
Northern District of California

1  *From the Local Court of Plon, Germany*, 29 F. Supp. 2d 776, 780 (E.D. Mich. 1998); *In re Letter
2  of Request From the Boras District Court, Sweden*, 153 F.R.D. 31, 34-35 (E.D. New York 1994).
3  The proposed letter rogatory specifies that Hussain has an applicable "privilege against self-
4  incrimination" under United States law, Dkt. No. 39 at 11, and therefore during the proposed
5  deposition Hussain could invoke his Fifth Amendment right against self-incrimination or any
6  applicable rights he has under English law. The court concludes the proposed deposition would
7  not unduly oppress or burden Hussain by requiring him "to be a witness against himself" with
8  respect to possible criminal culpability. *See* U.S. Const. amend. V.

9   The court rejects Hussain's argument that FRCP 26(b)(2)(C) requires the court to deny the
10  letter rogatory application. True, a court "must" prohibit discovery when it determines the
11  requested discovery could be procured from a "more convenient, less burdensome, [and] less
12  expensive" source, but that rule ordinarily applies when multiple sources are each able to provide
13  identical copies of the same documents. *E.g.*, *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575,
14  577 (N.D. Cal. 2007). MicroTech cannot provide a transcript of deposition testimony Hussain has
15  not given. Even if the court applies FRCP 26(b)(2)(C) in the context of testimony rather than
16  documents, Hussain has failed to persuade the court that testimony from MicroTech's employees
17  would be an adequate substitute for Hussain's testimony. MicroTech's employees can likely
18  provide some of the same relevant information that Hussain can provide, but the counterclaim for
19  aiding and abetting a breach of fiduciary duty cannot succeed absent proof that a fiduciary duty
20  has actually been breached, *e.g.*, *Heckmann v. Ahmanson*, 168 Cal. App. 3d 119, 127 (1985), and
21  Hussain is likely to possess unique and highly probative knowledge that tends to establish whether
22  he has actually breached a fiduciary duty to Autonomy, *accord Philan Ins. Ltd. v. Frank B. Hall &
23  Co., Inc.*, 138 F.R.D. 45, 46 (S.D. New York 1991) (rejecting the argument that a party should not
24  seek relevant evidence through a letter rogatory when local discovery might provide similar
25  evidence).

26  The court next addresses whether Autonomy is improperly attempting to subvert the limits
27  of discovery in the English case against Hussain by applying to this court for a letter rogatory.
28  The court agrees with Hussain that a court may stop a litigant from using federal civil discovery as

5

part of "a sham" to evade the discovery limits that apply in another case. *Elm Energy and Recycling (U.K.) Ltd. v. Basic*, No. 96 C 1220, 1996 WL 596456 at *1 (N.D. Ill. Oct. 9, 1996) (noting it would be appropriate to prohibit discovery requested solely in order to circumvent English discovery limitations); 8A Fed. Prac. & Proc. Civ. § 2040 (3d ed.) (collecting cases and noting that federal courts "are alert to preventing" the use of federal civil discovery as a vehicle for circumventing the discovery limits in "other proceeding[s]"). Nevertheless, the information before the court does not tend to show that Autonomy's counterclaims are part of any improper plan to circumvent English procedures. MicroTech began this case in this forum, not Autonomy. The counterclaims against MicroTech arise in part from the same underlying business deals that gave rise to MicroTech's claims, and therefore Autonomy has raised counterclaims that might otherwise have been conclusively waived. Fed. R. Civ. P. 13(a); *e.g.*, *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960) (failure to counterclaim for "causes of action" that "arise out of the same transaction or occurrence as the opponent's claim[s] . . . waive[s]" the defendant's ability to "ever sue on" those causes of action in the future). Autonomy does not seek discovery on a broad set of topics that go beyond the scope of this case; rather, Autonomy's proposed deposition topics reasonably seek information about the deals between Autonomy and MicroTech that gave rise to Autonomy's counterclaims. The fact that Autonomy did not choose this forum or instigate this case tends to show Autonomy is not seeking evidence as part of any long-term scheme to misuse the legal processes available to this court. Similarly, the fact that Autonomy raised counterclaims closely related to MicroTech's claims tends to show that Autonomy is merely litigating this case to the best of its abilities. Hussain has therefore failed to persuade the court that Autonomy seeks his deposition as part of a scheme to evade English discovery limits in the case against him.

Finally, the court rejects the argument that the letter-rogatory application should be denied as improper under English law and the Hague Convention. The question of whether to issue a letter rogatory does not depend on whether a proposed deposition would comply with the standard procedural rules of the court that would receive the letter rogatory. Article 9 of the Hague Convention expressly permits a letter rogatory to request the use of "a special method or

1    procedure" that differs from "the methods and procedures" ordinarily applied by the court which
2    receives the letter.  Likewise, even if Hussain is correct that England's procedural rules ordinarily
3    prohibit "investigatory" depositions that involve questions related to a broad "list of topics"
4    instead of specific pre-selected questions, Dkt. No. 49 at 6-7, England's Practice Direction 34A
5    nevertheless states that a litigant may support a request for a deposition pursuant to the Hague
6    Convention by filing "the subject matter of questions to be put to the proposed deponent" rather
7    than a list of specific questions.

8        Moreover, the question of whether it would be consistent with English law to provide the
9    judicial support requested in the proposed letter rogatory is not a question for this court.  Articles 9
10   and 12 of the Hague Convention provide several grounds that might justify a court in declining to
11   provide requested judicial support, including "incompatib[ility]" of the requested judicial support
12   with domestic law or the possibility that the "execution" of the letter rogatory would "prejudice[]"
13   the sovereignty of the "State of execution[.]"  Hussain primarily relies upon *Rio Tinto Zinc Corp.*
14   *v. Westinghouse Elec. Corp.*, [1978] AC 547 (H.L.), to argue the "investigatory" nature of the
15   proposed deposition renders the letter rogatory invalid.  The portion of the *Rio Tinto* decision
16   relied upon by Hussain, however, does not seem to broadly prohibit "investigatory" depositions
17   requested pursuant to the Hague Convention.  Rather, that portion of the *Rio Tinto* decision seems
18   to narrowly discuss whether it would prejudice the sovereignty of the United Kingdom to provide
19   "investigatory" support for the enforcement of American anti-trust laws that were incompatible
20   with the anti-trust policies of the United Kingdom.  *Id.* at 617.  This court shall not purport to
21   answer whether the proposed deposition is "incompatible" with English law under Article 9 or
22   whether some other reason under Article 12 might persuade a judicial official to not "execut[e]"
23   the letter.  Rather, as a matter of comity and as the Hague Convention expressly contemplates, this
24   court shall leave any such question for adjudication by the United Kingdom's judicial system.

### Conclusion

26       The court is not persuaded Hussain would suffer undue oppression, expense, or burden
27   from the deposition Autonomy proposes.  The court is not persuaded that Autonomy improperly
28   seeks to subvert the discovery limits in the case against Hussain in England; rather, the

7

information before the court tends to show only that Autonomy is taking reasonable steps to procure highly probative evidence for Autonomy's counterclaims against MicroTech in this case. The court shall not presume to rule on whether the deposition request is likely to be denied by English courts as incompatible with English law—the Hague Convention reserves any such issue for adjudication by the United Kingdom's judicial system. Hussain has therefore failed to show good cause to justify a denial of Autonomy's application for the issuance of a letter rogatory. The court shall issue a letter rogatory that requests the deposition of Hussain according to the procedures and subject-matter limitations Autonomy proposes. The letter shall request an equal opportunity for the attorneys of each party to examine Hussain.

**IT IS SO ORDERED.**

Dated: 3/14/16

HOWARD R. LLOYD
United States Magistrate Judge