UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROTECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AUTONOMY, INC., et al.,<br><br>    Defendants. | Case No. 5:15-cv-02220-RMW<br><br>**ORDER RE: SUSHOVAN HUSSAIN'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 54 |

On March 28, 2016, non-party Sushovan Hussain filed a Motion for Relief from Non-Dispositive Pretrial Order of a Magistrate Judge. Dkt. No. 54. Hussain, who lives in England, objects to the magistrate judge's March 14, 2016 order, Dkt. No. 53, which granted the Autonomy defendants' motion for this court to issue a letter rogatory to the Royal Courts of Justice in England requesting the deposition of Hussain. On March 16, 2016, after reviewing the magistrate judge's order, the undersigned judge issued the Autonomy defendants' proposed letter of request with minor modifications. The original copy of the letter was sent to the Autonomy defendants' counsel for transmission to the Royal Courts of Justice, but, due to an unintended delay, the letter was not posted to this court's docket until after Hussain filed the instant motion. *See* Dkt. No. 55. Because this court has already issued the letter rogatory, Hussain's objections to the magistrate judge's order are now moot.

Even if this court had received Hussain's objections before the court issued the letter rogatory, the court would not find a sufficient basis to overturn the magistrate judge's order. Requests for relief from a non-dispositive order of a magistrate judge are reviewed pursuant to Federal Rule of Civil Procedure 72(a).[1] In reviewing a magistrate judge's non-dispositive orders, the district judge may not simply substitute its judgment for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

This court finds that Hussain's objections should be overruled. Hussain's argument that the magistrate judge did not properly evaluate proportionality is unpersuasive. The magistrate judge examined each proportionality factor under the recently updated Federal Rule of Civil Procedure 26(b)(1) and determined that the requested discovery is proportional to the needs of this case. Dkt. No. 53 at 3-4. The magistrate judge specifically noted that "Hussain does not assert that the expense of preparing for and sitting through the deposition would be significant relative to his personal wealth." *Id.* at 3. The authorities that Hussain cites do not compel the conclusion that the magistrate judge's analysis was incorrect. Indeed, one case cited by Hussain rebuts Hussain's argument that the burden to show proportionality rests entirely on the party seeking discovery. Rather, "[t]he burden of demonstrating relevance remains on the party seeking discovery, but the newly-revised rule 'does not place on [that] party . . . the burden of addressing all proportionality considerations.'" *Henry v. Morgan's Hotel Group, Inc.*, No. 15–CV–1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment).

Hussain offers no support for his argument that "HP *expects* that Mr. Hussain will invoke his Fifth Amendment rights . . . and likely intends to use that fact to . . . suggest (improperly) that he is liable in HP's civil suit in England."[2] Dkt. No. 54 at 4 (emphasis added). Finally, while Hussain argues that the order fails to consider how Hussain's invocation of his Fifth Amendment

---

[1] "The district judge in the case must consider timely objections [to a magistrate's order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

[2] Hewlett-Packard ("HP") is the indirect parent of defendant Autonomy, Inc. Dkt. No. 11 ¶ 10.

1  rights affects proportionality, Hussain did not argue before the magistrate that proportionality
2  required consideration of his Fifth Amendment rights. "District courts need not, and ordinarily
3  should not address arguments raised for the first time in an objection to a magistrate judge's
4  order." *United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley,*
5  *California*, No. 13-CV-02027-JST, 2014 WL 325151, at *2 (N.D. Cal. Jan. 29, 2014).

For the reasons stated above, the magistrate judge's order is AFFIRMED.

**IT IS SO ORDERED.**

Dated: April 6, 2016

_____
Ronald M. Whyte
United States District Judge