UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROTECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AUTONOMY, INC., et al.,<br><br>    Defendants. | Case No.  5:15-cv-02220-RMW<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 68 |

    Before the court is an administrative motion to seal several of documents related to plaintiff Microtechnologies, LLC's motion for summary judgment. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

    A protective order sealing the documents during discovery may reflect the court's previous

determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of compelling reasons or good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. As relevant here, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

With these standards in mind, the courts rules on the instant motions as follows.

| **Motion to Seal** | **Document to be Sealed** | **Ruling** | **Reason/Explanation** |
|---|---|---|---|
| 68 | Unredacted Version of Plaintiffs Motion for Summary Judgment (68-4) | DENIED. | No supporting declaration filed by defendants. |
| 68 | Exhibits E-L (68-7) | DENIED. | No supporting declaration filed by defendants. |
| 68 | Exhibits O-U (68-9) | DENIED. | No supporting declaration filed by defendants. |
| 68 | Unredacted Version of Declaration of Anthony Jimenez in Support of Plaintiffs M (68-12) | DENIED. | No supporting declaration filed by defendants. |

All denials are without prejudice. The parties shall file, within 14 days, (1) unredacted versions of documents consistent with this order or (2) revised sealing motions for the court's consideration, with appropriate declarations, addressing the court's reasons for denial discussed above.

**IT IS SO ORDERED.**

Dated: October 20, 2016

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge