UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROTECHNOLOGIES, LLC,<br>Plaintiff,<br>v.<br>AUTONOMY, INC., et al.,<br>Defendants. | Case No. 15-cv-02220-JCS<br><br>**ORDER DENYING DEFENDANTS' FIRST MOTION IN LIMINE**<br>Re: Dkt. No. 173 |

Defendants Autonomy, Inc. and Autonomy Systems Limited (collectively, "Autonomy") move to allow Autonomy to present at trial in this case the testimony given by former Autonomy officer Joel Scott under a grant of immunity in the separate criminal trial of former Autonomy officer Sushovan Hussain. Plaintiff MicroTechnologies, LLC ("MicroTech") opposes Autonomy's motion, arguing that Scott's testimony is hearsay and does not fall within any exception that would allow for its admission. After hearing argument at the pretrial conference on October 15, 2018, the Court invited supplemental briefing on the question of whether Scott's testimony is admissible as a statement against interest. For the reasons discussed below, the motion is DENIED.

## I. SCOTT'S TESTIMONY IS NOT ADMISSIBLE UNDER RULE 807

In its motion as initially filed, Autonomy relied solely on Rule 807 of the Federal Rules of Evidence—the residual exception for statements not covered by a more specific exception—and did not argue that any other exception applies. *See* Mot. (dkt. 173). To be admissible under that rule, a statement must meet the following requirements:

> [(a)](1) the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) it is offered as evidence of a material fact;

> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) admitting it will best serve the purposes of these rules and the interests of justice.
>
> (b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Fed. R. Evid. 807.

MicroTech argues that the testimony lacks a sufficient guarantee of trustworthiness to satisfy part (a)(1) because MicroTech could not cross examine Scott, and that the testimony does not satisfy part (b) MicroTech did not have a fair opportunity to meet it. *See* Opp'n (dkt. 173-3). MicroTech does *not* argue that Scott's testimony is not offered to prove a material fact within the meaning of part (a)(2), or that it is not more probative on such facts than other available evidence within the meaning of part (a)(3). MicroTech also does not explicitly argue that part (a)(4) is not satisfied, although there is a strong undercurrent to its brief that admitting the testimony would not serve the interest of justice.

MicroTech's argument under part (b) is not persuasive. That section of the rule requires a party seeking to introduce a statement to give its opponent *notice* so that the opponent has an opportunity to "meet" the evidence. By its terms, it does not require that the opposing party successfully procure the declarant to testify, and MicroTech cites no case so holding. MicroTech does not argue that it lacked sufficient notice of Autonomy's intent to use Scott's trial testimony. Part (b) therefore offers no basis to exclude the testimony.

With respect to part (a)(1), requiring "circumstantial guarantees of trustworthiness" equivalent to an enumerated exception, MicroTech cites the Ninth Circuit's decision in *United States v. Sanchez Lima*, 161 F.3d 545, 547–48 (9th Cir. 1998), for the proposition that courts have found testimony to lack a sufficient guaranty of trustworthiness where a party lacked the opportunity to cross examine a witness. Opp'n to Def.'s 1st Mot. at 5 n.16. The Ninth Circuit in fact held that the evidence in that case *satisfied* Rule 807, and the district court erred in excluding it. *Sanchez-Lima*, 161 F.3d at 547–48. Although the court noted that the government (the party

opposing admission) had a chance to examine the witnesses at issue, it did not hold that a lack of such opportunity would be dispositive, and instead stated that "cross-examination is not required in every case." *Id.* MicroTech's characterization of *Sanchez-Lima* is inaccurate.

MicroTech is correct, however, that other decisions have weighed the lack of opportunity for cross examination, citing *Sanchez-Lima* for its relevance, as among the factors supporting a conclusion that hearsay statements lacked sufficient indicia of trustworthiness to be admitted under Rule 807. In *United States v. Rodriguez*—an unpublished and non-precedential decision—the Ninth Circuit held that a district court did not abuse its discretion in excluding statements made to a defense investigator where "[t]hey were not recorded, not made under oath," there was "no way to tell whether they were made voluntarily," and "the government would have been unable to cross-examine the declarant Ayala or otherwise develop Ayala's statements." 316 F. App'x 612, 615 (9th Cir. 2009). In *K.C.R. v. County of Los Angeles*, the Central District of California held that concerns regarding the risk that a witness's audio-recorded out of court statement was mistaken were "especially great" due to the lack of opportunity for cross examination and held the statement lacked sufficient guarantees of trustworthiness, also taking into account the fact that the statement was not under penalty of perjury, the statement's vagueness, the witness's emotional state, and lack of opportunity for the jury to observe the witness's demeanor. No. CV 13-3806 PSG (SSx), 2016 WL 9455632, at *2–3 & n.3 (C.D. Cal. Mar. 18, 2016). A recent Southern District of Ohio decision most clearly supports MicroTech's view that lack of opportunity for cross examination is dispositive, holding that an expert report and incorporated videos "lack the necessary circumstantial guarantee of trustworthiness because they have not been subjected to cross-examination." *Miami Valley Fair Hous. Ctr. Inc. v. Metro Dev. LLC*, No. 2:16-CV-607, 2018 WL 2416570, at *1 (S.D. Ohio May 29, 2018).

Some circumstances of Scott's testimony indicate trustworthiness: he testified under oath and penalty of perjury, with advice of counsel, about matters with which he was familiar, and was subject to cross examination by a skilled attorney with an interest in undermining his credibility, albeit not with an interest in the particular issue of *MicroTech's* involvement in or awareness of misconduct. On the other hand, jurors would have no opportunity to observe Scott's demeanor

3

during his testimony, and MicroTech has had no real[1] opportunity cross examine Scott or otherwise develop his testimony.

Rule 807(a)(1) asks courts to consider indicia of reliability specifically with respect to whether they are equivalent to one of the enumerated exceptions to the rule against hearsay. In this case, where Autonomy wishes to admit testimony given in the trial of a different case, the most analogous exception is Rule 804(b)(1). Under that rule, where a witness is unavailable, the witness's past testimony may be admitted if it:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1).

Scott's testimony at Hussain's trial satisfied part (A) of Rule 804(b)(1), but not part (B). The question, then, is whether the circumstances here evince trustworthiness equivalent to allowing MicroTech an opportunity to develop Scott's testimony. Cross examination by an adverse lawyer at trial is significant, but is not equivalent where that attorney had no interest in probing Scott's knowledge of *MicroTech's* involvement with or understanding of the transactions at issue. Autonomy cites no case where testimony from another trial was admitted under Rule 807 without meeting the requirements of Rule 804(b)(1), and the Court is not persuaded that any of the other circumstances here tip the scale enough to equal that standard.

## II. SCOTT'S TESTIMONY IS NOT ADMISSIBLE UNDER RULE 804(b)(3)

At the hearing and in its supplemental brief, Autonomy argued that Scott's testimony should be admitted as a statement against interest under Rule 804(b)(3) of the Federal Rules of Evidence, which in civil cases permits admission of statements that "a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a

---

[1] MicroTech had the opportunity to pose questions to Scott at his deposition for this case, but Scott refused to answer all substantive questions.

4

tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability." Fed. R. Evid. 804(b)(3)(A); *see* Defs.' Supp'l Br. (dkt. 198).

To fall within the scope of this rule, "each statement must (1) 'solidly inculpat[e]' the declarant and (2) 'be one that a reasonable person in the declarant's position would not have made unless it were true.'" *United States v. Magana-Olvera*, 917 F.2d 401, 407 (9th Cir. 1990) (quoting *United States v. Monaco,* 735 F.2d 1173, 1176 (9th Cir. 1984)) (alteration in original). "[T]he statements must, in a real and tangible way, subject the declarant to criminal liability" or other adverse consequences within the scope of the rule. *Monaco*, 735 F.2d at 1176. Even if portions of a narrative offered by a declarant meet that standard, a court must "inquire[] whether each of the statements in [the narrative] was truly self-inculpatory." *Williamson v. United States*, 512 U.S. 594, 604 (1994). Rule 804(b)(3) "does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." *Id.* at 604; *see also LaGrand v. Stewart*, 133 F.3d 1253, 1267–68 (9th Cir. 1998) ("[F]ederal courts have concluded that a statement that includes both incriminating declarations and corollary declarations that, taken alone, are not inculpatory of the declarant, must be separated and only that portion that is actually incriminating of the declarant admitted under the exception.").

Most of Scott's testimony that Autonomy seeks to use is in no way inculpatory. Much of it consists of Scott, at the direction of the prosecutor questioning him, reading emails and other documents drafted by other people. To the extent that Scott discusses his own involvement, such testimony largely indicates that Scott did not understand the purpose of certain transactions, and tends to minimize his own involvement. While it is possible that portions of Scott's testimony might, in conjunction with other evidence, tie him to purported misconduct, the statements themselves do not "solidly inculpate" Scott such that the Court can express any confidence that a reasonable person in his position would not have made those statements unless true. Accordingly, the statements are not admissible under Rule 804(b)(3).

\* \* \*

/ / /

/ / /

Because Scott's testimony at Hussain's trial is not admissible in this case under either Rule 807 or Rule 804(b)(3), Autonomy's motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 20, 2018

JOSEPH C. SPERO
Chief Magistrate Judge